# EXHIBIT "A"

Philip Granite, Esq. #309322019
**MORGAN & MORGAN PHILADELPHIA, PLLC**
(a professional limited liability company formed in Florida)
30 Montgomery Street, Suite 410
Jersey City, New Jersey 07302
T. (201) 209-3437
*Attorneys for Plaintiffs*

---

| | |
|---|---|
| **CECELIA A. LUPTON and GREGORY LUPTON,** | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: SOMERSET COUNTY DOCKET NO.: SOM-L- |
| **Plaintiff,** | |
| **vs.** | Civil Action |
| **KHOLIKOV KHABIBILLO, SHOKHRUKHBEK SADIKOV, AMAZON.COM, INC., JOHN DOE (1-10) and/or ABC CORP. (1-10), (fictitious names for persons and entities as yet unidentified).** | **COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, CERTIFICATION R. 4:5-1(b)(2), CERTIFICATION R. 4:5-1(b)(3), DEMAND FOR DISCOVERY AND DEMAND FOR INSURANCE COVERAGE** |
| **Defendants,** | |

---

Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, residing in the County of Gloucester, State of New Jersey complaining of the above defendant, says:

## FIRST COUNT

## (NEGLIGENCE – KHOLIKOV KHABIBILLO and SHOKHRUKHBEK SADIKOV)

1. On or about January 17, 2025, the Plaintiff, CECELIA A. LUPTON, was the operator of a motor vehicle that was lawfully traveling Eastbound on Coles Mill Road at or near its intersection with Stanton Avenue, in the County of Somerset and State of New Jersey.

2. At the aforesaid date, time and location, the Plaintiff, GREGORY LUPTON, was a passenger in motor vehicle that was lawfully traveling Eastbound on

Coles Mill Road at or near its intersection with Stanton Avenue, in the County of Somerset and State of New Jersey.

3.      At the aforesaid date, time and location, the Defendant, KHOLIKOV KHABIBILLO, was the owner of a motor vehicle, traveling Southbound on Coles Mill Road at or near its intersection with Stanton Avenue, in the County of Somerset and State of New Jersey.

4.      At the aforesaid date, time and location, the Defendant, SHOKHRUKHBEK SADIKOV, was the operator of a motor vehicle, traveling Southbound on Coles Mill Road at or near its intersection with Stanton Avenue, in the County of Somerset and State of New Jersey.

5.      At all times material hereto, Defendant, SHOKHRUKHBEK SADIKOV, failed to observe traffic conditions and failed to maintain proper control of his automobile which caused a sudden, violent and unexpected collision with Plaintiff's motor vehicle.

6.      The negligence and/or careless conduct of Defendant, SHOKHRUKHBEK SADIKOV, consisted inter alia, of the following:

(a) failing to make proper observations;

(b) failing to maintain proper control of his automobile;

(c) driving at an excessive and unsafe rate of speed;

(d) operating an automobile in violation of Title 39 et seq. of the N.J.S.A;

(e) failing to keep a safe distance behind the Plaintiff's vehicle;

(f) being otherwise negligent and/or careless under the circumstances;

(g)  such other acts of negligence and/or carelessness as may be revealed through discovery and/or at the time of Trial.

7.      As a direct and proximate result of the Defendant negligence in causing the automobile collision, as aforesaid, the Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, was seriously and permanently injured, suffered and will in the future suffer great pain and mental anguish, was and will in the future be prevented from engaging in their usual pursuits and occupations, and was and will in the future be required to expend substantial sums of money for medical treatment in an effort to effect a cure for their said injuries.

8.      JOHN DOE (1-10), said names being fictitious, are named as Defendants herein and intended to represent any individual(s), whose identity(ies) is/are presently unknown who may have caused or contributed to the negligence causing the subject collision, or may be otherwise liable to Plaintiff for payment of damages for the carelessness, recklessness, and/or negligence of others.

9.      ABC CORP. (1-10), said names being fictitious, are named as Defendants herein and intended to represent and company(ies), partnership(s), corporation(s), or other business entity(ies), whose identity(ies) is/are presently unknown, which may have caused or contributed to the negligence leading up to the subject collision, or that may be otherwise liable to Plaintiff for payment of damages resulting from the carelessness, recklessness, and/or negligence of others.

**WHEREFORE,** Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, demands judgment against the Defendants, KHOLIKOV KHABIBILLO and SHOKHRUKHBEK SADIKOV, JOHN DOE (1-10), ABC CORP. (1-10), individually, jointly and/or severally for damages, together with interest and costs of suit.

## SECOND COUNT

## (NEGLIGENCE – AMAZON.COM, INC.)

1.      Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, repeats each and every allegation contained in the First Count of the Complaint as if set forth at length herein.

2.      At all times material hereto, Defendant, AMAZON.COM, INC., is a corporation registered to do business in the state of New Jersey, transacted business within the State of New Jersey and purposely availed itself to New Jersey business opportunities.

3.      Upon information and belief, at all times material hereto, Defendant, AMAZON.COM, INC., was doing business as, or operating under the authority of Defendant, SHOKHRUKHBEK SADIKOV.

4.      Upon information and belief, at all times material hereto, Defendant AMAZON.COM, INC., was engaged in a joint venture and/or joint enterprise with Defendant, SHOKHRUKHBEK SADIKOV, to operate commercial vehicles on the roadway in interstate commerce.

5.      Upon information and belief, at all times material hereto, Defendant, SHOKHRUKHBEK SADIKOV, was an agent, servant and/or an employee of Defendant, AMAZON.COM, INC., acting within the course and scope of his employment or agency.

6.      Pursuant to the legal doctrine of *Respondeat Superior*, the Defendant, AMAZON.COM, INC., is legally responsible for the negligent acts or omissions of its agent, servant and/or employee, Defendant, SHOKHRUKHBEK SADIKOV, while performing his work-related duties.

7.      Defendant, AMAZON.COM, INC., was also independently negligent in the following ways:

    a.   Negligently hiring or contracting with Defendant, SHOKHRUKHBEK SADIKOV to drive the vehicle unit at issue;

    b.   Negligently entrusting Defendant, SHOKHRUKHBEK SADIKOV, to drive a vehicle professionally;

    c.   Negligently retaining Defendant, SHOKHRUKHBEK SADIKOV, to drive the vehicle at issue;

    d.   Failing to conduct proper and required checks on the background of its employee, agent and/or contractor, Defendant, SHOKHRUKHBEK SADIKOV;

    e.   Failing to reasonably supervise its employee, agent and/or contractor, Defendant, SHOKHRUKHBEK SADIKOV;

    f.   Failing to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate;

    g.   such other acts of negligence as may be revealed through discovery and/or   at the time of Trial.

8.      The injuries, harm, and damages were incurred by the Plaintiff as a result of the use of a vehicle by Defendant, SHOKHRUKHBEK SADIKOV, in a negligent and/or reckless manner, which because of inexperience and/or prior actions, Defendant, AMAZON.COM, INC., knew, or reasonably should have known, was likely to pose an unreasonable risk of harm to others, such as Plaintiff.

9.      As a direct and proximate result of the negligence attributable to Defendant, AMAZON.COM, INC., the Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, were seriously and permanently injured, suffered and will in the future suffer great pain and mental anguish, was and will in the future be prevented from engaging in their usual pursuits and occupations, and was and will in the future be required to expend substantial sums of money for medical treatment in effort to effect a cure for their said injuries.

**WHEREFORE,** Plaintiff, CECELIA A. LUPTON and GREGORY LUPTON, demands judgment against the Defendant, AMAZON.COM, INC., individually, jointly and/or severally for damages, together with interest and costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

The undersigned attorney for plaintiff hereby designates Philip Granite, Esq., as trial counsel herein.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

The undersigned attorney for the Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, hereby certifies that the within matter is not the subject of any other action or arbitration proceeding pending or contemplated, nor are there any other parties known to Plaintiff who should be joined in this proceeding.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(3)

The undersigned attorney for Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, hereby certifies that confidential personal identifiers have been redacted from

documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**MORGAN & MORGAN
PHILADELPHIA, PLLC**
(a professional limited liability
company formed in Florida)

*Attorneys for Plaintiff(s)*

By:        *Philip Granite*
—————————————————————

PHILIP GRANITE, ESQ.

Dated: February 13, 2025

## DEMAND FOR DISCOVERY

The undersigned attorney for the Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, hereby demands that the Defendant provide answers to Uniform Interrogatories C and C (1) in the time period and the manner provided by the Rules of Court.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

The undersigned attorneys for the Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, demands that proof of all insurance which may extend coverage to the defendant(s) for the subject incidents and the limits of said coverage be furnished to the Plaintiffs' counsel within ten (10) days of the date hereof.

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to R. 4:18-1, plaintiff demands the production for purposes of inspection and copying at the offices of MORGAN & MORGAN PHILADELPHIA PLLC, within 60 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint:

1.      All written statements which you, or your counsel, have in your possession, custody, or control in regard to this incident/accident.

2.      Copies of all photography, videotapes or other reproduction which you have in your possession, custody, or control which relate, in any manner, to the incident, to the injuries which plaintiff claims to have been sustained as a result of this incident/accident, or to property damage caused by this incident/accident.

3.      A copy of all medical records regarding any treatment or consultation sought, or received, by plaintiff as a result of this incident/accident.

4.      All documents you claim (a) supports the separate defenses set forth in you responsive pleading to plaintiff's complaint and your answers to interrogatories or (b) rebuts the allegations set forth in plaintiff's complaint or their answers to interrogatories.

5.      All documentation regarding any compensation or reimbursement which you claim plaintiff received, or requested, as a result of this incident/accident.

6.      Copies of, or descriptions by category or locations of, all documents, dates or compilations, and tangible things in the possession, custody or control of defendants that relate to the disputed facts alleged with particularity in pleadings.

7.      Copies of all written reports prepared and signed by and person who may be used at trial under Evidence Rules 702, 703 or 705.

8.      Copies of all notes, records, and reports of all doctors, physiatrists, nurses, psychiatrists, psychologists, neuropsychologist, neurologist, or any other healthcare professional retained by defendants for purposes of performing an examination and evaluation on the plaintiff.

9.      All written statements which you or your counsel have in your possession regarding any of the facts set forth in any party's answer to interrogatories, initial pleading, or responsive pleading, or with respect to any damages.

10.      All insurance agreements or policies under which any person or firm carrying an insurance business may be liable to satisfy part or all of a judgement which may be entered into this action or to indemnify or reimburse for payments made to satisfy judgement pursuant to R. 4:10-2(b). Terms of the policy are also requested.

11.      Copies of all documents, not otherwise set forth, which were sent to our received from the plaintiff.

12.      Copies of all statements and other documents obtained by any person or entity which concern or relate to plaintiff's complaint or any defendant's answers, separate defense(s), or counterclaim(s).

13.      All documents which were filled out by or on behalf of plaintiff at the request of defendant's expert or his/her agents or employees.

14.      All documents considered by defendant's expert in preparing his/her report or conducting an examination or evaluation.

15.      All diagrams, charts, models, drawings, maps or other exhibits prepared by or on behalf of any party related to the subject matter of the complaint.

16.      All police reports concerning any automobile accident involving any defendant that occurred within one year (before and after) of the date of the incident(s) complained of in plaintiff's complaint.

17.      All books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, standards or other documents referred to and utilized by or relied upon

by and expert witness whom the party responding to this document demand intends to call at trial.

18.    All treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or your experts intend to rely upon, utilize and/or offer into substantive evidence or to substantiate any options, testimony or conclusions asserted by your experts.

19.    All treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or experts intend to rely upon to rebut, examine and/or cross-examine any witness, including expert witnesses, in this matter, including but not limited to the exact page upon which you, your attorney and/or your expert intend to rely, as well as the exact title, name, author, published, date of publication, and edition.

20.    All transcripts of sworn testimony (including but not limited to depositions and testimony before and tribunal and/or court) given by an expert who may testify in this matter.

21.    All documents concerning any claims for bodily injury to plaintiff that are in the possession, custody, or control of defendant or defendant's attorney.

22.    All documents you have concerning any claim for bodily injuries made by plaintiff other than the incident concerning this lawsuit.

23.    Copies of all statements that will be used at trial, or will be used to cross-examine or impeach any witness.

24.    All surveillance videos, reports, notes, memoranda, or other documents respecting plaintiff.

25.      All hospital records and reports of doctors and medical records of any doctors who treated the <u>Defendant</u>(s), for injuries sustained in the incident which form the basis of this suit.

26.      All statements in the possession of the defendant of their insurance carrier provided by eyewitnesses to the accident set forth in this Complaint.

27.      All written statements or transcripts of verbal statements given by defendant in connections with any property-damage claim asserted by or against defendant, by any individuals or companies, in connection with this incident.

28.      A true copy of all documents received by defendant or their representative relating to the plaintiff.

29.      A true copy of all letters sent by defendant's insurance carrier representative or claims adjuster or administrator to any physician requested to do any medical examination of the plaintiff on behalf of defendant in this action.

30.      All written statements or transcripts of verbal statements given by this plaintiff in connection with the subject accident and/or claim, regarding any prior or subsequent claim, in the possession of defendant, her attorneys, or her insurance carrier.

31.      Data logs for any cell phone or other electronic device(s) in Defendants' possession at the time of the subject collision.

**MORGAN & MORGAN**
**PHILADELPHIA, PLLC**
(a professional limited liability
company formed in Florida)

*Attorneys for Plaintiff(s)*

By:       *Philip Granite*
          _____
          PHILIP GRANITE, ESQ.

Dated:  February 13, 2025

# EXHIBIT "B"

Philip Granite, Esq. #309322019
**MORGAN & MORGAN PHILADELPHIA, PLLC**
(a professional limited liability company formed in Florida)
30 Montgomery Street, Suite 410
Jersey City, New Jersey 07302
T. (201) 209-3437
*Attorneys for Plaintiffs*

---

| | |
|---|---|
| **CECELIA A. LUPTON and GREGORY LUPTON,** | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: SOMERSET COUNTY DOCKET NO.: SOM-L-000255-25 |
| **Plaintiff,** | |
| **vs.** | Civil Action |
| **KHOLIKOV KHABIBILLO, SHOKHRUKHBEK SADIKOV, AMAZON LOGISTICS, INC., JOHN DOE (1-10) and/or ABC CORP. (1-10), (fictitious names for persons and entities as yet unidentified).** | **AMENDED COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, CERTIFICATION R. 4:5-1(b)(2), CERTIFICATION R. 4:5-1(b)(3), DEMAND FOR DISCOVERY AND DEMAND FOR INSURANCE COVERAGE** |
| **Defendants,** | |

---

Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, residing in the County of Gloucester, State of New Jersey complaining of the above defendant, says:

## FIRST COUNT

## (NEGLIGENCE – KHOLIKOV KHABIBILLO and SHOKHRUKHBEK SADIKOV)

1.     On or about January 17, 2025, the Plaintiff, CECELIA A. LUPTON, was the operator of a motor vehicle that was lawfully traveling Eastbound on Coles Mill Road at or near its intersection with Stanton Avenue, in the County of Somerset and State of New Jersey.

2.     At the aforesaid date, time and location, the Plaintiff, GREGORY LUPTON, was a passenger in motor vehicle that was lawfully traveling Eastbound on

Coles Mill Road at or near its intersection with Stanton Avenue, in the County of Somerset and State of New Jersey.

3.    At the aforesaid date, time and location, the Defendant, KHOLIKOV KHABIBILLO, was the owner of a motor vehicle, traveling Southbound on Coles Mill Road at or near its intersection with Stanton Avenue, in the County of Somerset and State of New Jersey.

4.    At the aforesaid date, time and location, the Defendant, SHOKHRUKHBEK SADIKOV, was the operator of a motor vehicle, traveling Southbound on Coles Mill Road at or near its intersection with Stanton Avenue, in the County of Somerset and State of New Jersey.

5.    At all times material hereto, Defendant, SHOKHRUKHBEK SADIKOV, failed to observe traffic conditions and failed to maintain proper control of his automobile which caused a sudden, violent and unexpected collision with Plaintiff's motor vehicle.

6.    The negligence and/or careless conduct of Defendant, SHOKHRUKHBEK SADIKOV, consisted inter alia, of the following:

(a)  failing to make proper observations;

(b)  failing to maintain proper control of his automobile;

(c)  driving at an excessive and unsafe rate of speed;

(d)  operating an automobile in violation of Title 39 *et seq*. of the N.J.S.A;

(e)  failing to keep a safe distance behind the Plaintiff's vehicle;

(f)  being otherwise negligent and/or careless under the circumstances;

(g)   such other acts of negligence and/or carelessness as may be revealed through discovery and/or at the time of Trial.

7.      As a direct and proximate result of the Defendant negligence in causing the automobile collision, as aforesaid, the Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, was seriously and permanently injured, suffered and will in the future suffer great pain and mental anguish, was and will in the future be prevented from engaging in their usual pursuits and occupations, and was and will in the future be required to expend substantial sums of money for medical treatment in an effort to effect a cure for their said injuries.

8.      JOHN DOE (1-10), said names being fictitious, are named as Defendants herein and intended to represent any individual(s), whose identity(ies) is/are presently unknown who may have caused or contributed to the negligence causing the subject collision, or may be otherwise liable to Plaintiff for payment of damages for the carelessness, recklessness, and/or negligence of others.

9.      ABC CORP. (1-10), said names being fictitious, are named as Defendants herein and intended to represent and company(ies), partnership(s), corporation(s), or other business entity(ies), whose identity(ies) is/are presently unknown, which may have caused or contributed to the negligence leading up to the subject collision, or that may be otherwise liable to Plaintiff for payment of damages resulting from the carelessness, recklessness, and/or negligence of others.

**WHEREFORE,** Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, demands judgment against the Defendants, KHOLIKOV KHABIBILLO and SHOKHRUKHBEK SADIKOV, JOHN DOE (1-10), ABC CORP. (1-10), individually, jointly and/or severally for damages, together with interest and costs of suit.

## SECOND COUNT

## (NEGLIGENCE – AMAZON LOGISTICS, INC.)

1.      Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, repeats each and every allegation contained in the First Count of the Complaint as if set forth at length herein.

2.      At all times material hereto, Defendant, AMAZON LOGISTICS, INC., is a corporation registered to do business in the state of New Jersey, transacted business within the State of New Jersey and purposely availed itself to New Jersey business opportunities.

3.      Upon information and belief, at all times material hereto, Defendant, AMAZON LOGISTICS, INC., was doing business as, or operating under the authority of Defendant, SHOKHRUKHBEK SADIKOV.

4.      Upon information and belief, at all times material hereto, Defendant AMAZON LOGISTICS, INC., was engaged in a joint venture and/or joint enterprise with Defendant, SHOKHRUKHBEK SADIKOV, to operate commercial vehicles on the roadway in interstate commerce.

5.      Upon information and belief, at all times material hereto, Defendant, SHOKHRUKHBEK SADIKOV, was an agent, servant and/or an employee of Defendant, AMAZON LOGISTICS, INC., acting within the course and scope of his employment or agency.

6.      Pursuant to the legal doctrine of *Respondeat Superior*, the Defendant, AMAZON LOGISTICS, INC., is legally responsible for the negligent acts or omissions of its agent, servant and/or employee, Defendant, SHOKHRUKHBEK SADIKOV, while performing his work-related duties.

7.      Defendant, AMAZON LOGISTICS, INC., was also independently negligent in the following ways:

    a.  Negligently hiring or contracting with Defendant, SHOKHRUKHBEK SADIKOV to drive the vehicle unit at issue;

    b.  Negligently entrusting Defendant, SHOKHRUKHBEK SADIKOV, to drive a vehicle professionally;

    c.  Negligently retaining Defendant, SHOKHRUKHBEK SADIKOV, to drive the vehicle at issue;

    d.  Failing to conduct proper and required checks on the background of its employee, agent and/or contractor, Defendant, SHOKHRUKHBEK SADIKOV;

    e.  Failing to reasonably supervise its employee, agent and/or contractor, Defendant, SHOKHRUKHBEK SADIKOV;

    f.  Failing to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate;

    g.  such other acts of negligence as may be revealed through discovery and/or   at the time of Trial.

8.      The injuries, harm, and damages were incurred by the Plaintiff as a result of the use of a vehicle by Defendant, SHOKHRUKHBEK SADIKOV, in a negligent and/or reckless manner, which because of inexperience and/or prior actions, Defendant, AMAZON LOGISTICS, INC., knew, or reasonably should have known, was likely to pose an unreasonable risk of harm to others, such as Plaintiff.

9.     As a direct and proximate result of the negligence attributable to Defendant, AMAZON LOGISTICS, INC., the Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, were seriously and permanently injured, suffered and will in the future suffer great pain and mental anguish, was and will in the future be prevented from engaging in their usual pursuits and occupations, and was and will in the future be required to expend substantial sums of money for medical treatment in effort to effect a cure for their said injuries.

**WHEREFORE,** Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, demands judgment against the Defendant, AMAZON LOGISTICS, INC., individually, jointly and/or severally for damages, together with interest and costs of suit.

## THIRD COUNT

1.     Plaintiffs repeat each and every allegation of the prior counts as though set forth herein.

2.     The actions of the Defendant, AMAZON LOGISTICS, INC., were the result, in whole or in part, of the Defendants' acts and/or omissions actuated by actual malice and/or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by said acts of omissions.

**WHEREFORE**, Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, demand judgment against the Defendant, AMAZON LOGISTICS, INC., for punitive damages pursuant to N.J.S.A. 2A:15-5.12(a), together with interest and costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

The undersigned attorney for plaintiff hereby designates Philip Granite, Esq., as trial counsel herein.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

The undersigned attorney for the Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, hereby certifies that the within matter is not the subject of any other action or arbitration proceeding pending or contemplated, nor are there any other parties known to Plaintiff who should be joined in this proceeding.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(3)

The undersigned attorney for Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, hereby certifies that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

> **MORGAN & MORGAN**
> **PHILADELPHIA, PLLC**
> (a professional limited liability
> company formed in Florida)
>
> *Attorneys for Plaintiff(s)*
>
> By:    *Philip Granite*
> _____
>
> PHILIP GRANITE, ESQ.

Dated: February 18, 2025

## DEMAND FOR DISCOVERY

The undersigned attorney for the Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, hereby demands that the Defendant provide answers to Uniform

Interrogatories C and C (1) in the time period and the manner provided by the Rules of Court.

## **DEMAND FOR DISCOVERY OF INSURANCE COVERAGE**

The undersigned attorneys for the Plaintiffs, CECELIA A. LUPTON and GREGORY LUPTON, demands that proof of all insurance which may extend coverage to the defendant(s) for the subject incidents and the limits of said coverage be furnished to the Plaintiffs' counsel within ten (10) days of the date hereof.

## **DEMAND FOR PRODUCTION OF DOCUMENTS**

**PLEASE TAKE NOTICE** that pursuant to R. 4:18-1, plaintiff demands the production for purposes of inspection and copying at the offices of MORGAN & MORGAN PHILADELPHIA PLLC, within 60 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint:

1.      All written statements which you, or your counsel, have in your possession, custody, or control in regard to this incident/accident.

2.      Copies of all photography, videotapes or other reproduction which you have in your possession, custody, or control which relate, in any manner, to the incident, to the injuries which plaintiff claims to have been sustained as a result of this incident/accident, or to property damage caused by this incident/accident.

3.      A copy of all medical records regarding any treatment or consultation sought, or received, by plaintiff as a result of this incident/accident.

4.      All documents you claim (a) supports the separate defenses set forth in you responsive pleading to plaintiff's complaint and your answers to interrogatories or (b) rebuts the allegations set forth in plaintiff's complaint or their answers to interrogatories.

5.      All documentation regarding any compensation or reimbursement which you claim plaintiff received, or requested, as a result of this incident/accident.

6.      Copies of, or descriptions by category or locations of, all documents, dates or compilations, and tangible things in the possession, custody or control of defendants that relate to the disputed facts alleged with particularity in pleadings.

7.      Copies of all written reports prepared and signed by and person who may be used at trial under Evidence Rules 702, 703 or 705.

8.      Copies of all notes, records, and reports of all doctors, physiatrists, nurses, psychiatrists, psychologists, neuropsychologist, neurologist, or any other healthcare professional retained by defendants for purposes of performing an examination and evaluation on the plaintiff.

9.      All written statements which you or your counsel have in your possession regarding any of the facts set forth in any party's answer to interrogatories, initial pleading, or responsive pleading, or with respect to any damages.

10.     All insurance agreements or policies under which any person or firm carrying an insurance business may be liable to satisfy part or all of a judgement which may be entered into this action or to indemnify or reimburse for payments made to satisfy judgement pursuant to R. 4:10-2(b). Terms of the policy are also requested.

11.     Copies of all documents, not otherwise set forth, which were sent to our received from the plaintiff.

12.     Copies of all statements and other documents obtained by any person or entity which concern or relate to plaintiff's complaint or any defendant's answers, separate defense(s), or counterclaim(s).

13.     All documents which were filled out by or on behalf of plaintiff at the request of defendant's expert or his/her agents or employees.

14.     All documents considered by defendant's expert in preparing his/her report or conducting an examination or evaluation.

15.     All diagrams, charts, models, drawings, maps or other exhibits prepared by or on behalf of any party related to the subject matter of the complaint.

16.     All police reports concerning any automobile accident involving any defendant that occurred within one year (before and after) of the date of the incident(s) complained of in plaintiff's complaint.

17.     All books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, standards or other documents referred to and utilized by or relied upon by and expert witness whom the party responding to this document demand intends to call at trial.

18.     All treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or your experts intend to rely upon, utilize and/or offer into substantive evidence or to substantiate any options, testimony or conclusions asserted by your experts.

19.     All treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or experts intend to rely upon to rebut, examine and/or cross-examine any witness, including expert witnesses, in this matter, including but not limited to the exact page upon which you, your attorney and/or your expert intend to rely, as well as the exact title, name, author, published, date of publication, and edition.

20.     All transcripts of sworn testimony (including but not limited to depositions and testimony before and tribunal and/or court) given by an expert who may testify in this matter.

21.     All documents concerning any claims for bodily injury to plaintiff that are in the possession, custody, or control of defendant or defendant's attorney.

22.     All documents you have concerning any claim for bodily injuries made by plaintiff other than the incident concerning this lawsuit.

23.     Copies of all statements that will be used at trial, or will be used to cross-examine or impeach any witness.

24.     All surveillance videos, reports, notes, memoranda, or other documents respecting plaintiff.

25.     All hospital records and reports of doctors and medical records of any doctors who treated the <u>Defendant</u>(s), for injuries sustained in the incident which form the basis of this suit.

26.     All statements in the possession of the defendant of their insurance carrier provided by eyewitnesses to the accident set forth in this Complaint.

27.     All written statements or transcripts of verbal statements given by defendant in connections with any property-damage claim asserted by or against defendant, by any individuals or companies, in connection with this incident.

28.     A true copy of all documents received by defendant or their representative relating to the plaintiff.

29.     A true copy of all letters sent by defendant's insurance carrier representative or claims adjuster or administrator to any physician requested to do any medical examination of the plaintiff on behalf of defendant in this action.

30.     All written statements or transcripts of verbal statements given by this plaintiff in connection with the subject accident and/or claim, regarding any prior or subsequent claim, in the possession of defendant, her attorneys, or her insurance carrier.

31.     Data logs for any cell phone or other electronic device(s) in Defendants' possession at the time of the subject collision.

**MORGAN & MORGAN**
**PHILADELPHIA, PLLC**
(a professional limited liability company formed in Florida)

*Attorneys for Plaintiff(s)*

By:        *Philip Granite*
_____
PHILIP GRANITE, ESQ.

Dated:  February 18, 2025

# Exhibit "C"

# New Jersey Police Crash Investigation Report

| Page ___ of ___ ☐ Initial | ☒ Reportable ☐ Non Reportable ☐ Change Report |

**1. Case Number** 2025002922

**10. Crash Occurred On:** Coles Mill RD   **E** Dir   **4 5**   **11. Speed Limit** - 5 3 8 -

**12. Route No.** | **Suffix** | **13. Milepost**

**2. Police Dept. of** Franklin Township Police Departme   **Code** 01

**Road Name** Stanton AVE   **Dir** 4 0   **18. Speed Limit** 2 5

☒ At Intersection with   ☐ Feet ☐ N ☐ E   of:

**3. Station/Precinct** Patrol   14 15   ☐ Miles ☐ S ☐ W   16

**19.** ☐ To: **17. Cross Road Name/Route No.** -   ☐ NB ☐ EB   119b
Ramp ☐ From:   ☐ SB ☐ WB

**4. Date of Crash** mm dd yy 0 1 1 7 2 5   **5. Day of Week** Su M Tu W Th ⊘ Sa   **6. Time** (use 2400 hrs.) 0 9 5 0   **7. Municipality Code** 0 8 0 5   **8. Total Killed** 0 0   **9. Total Injured** 0 3

**20 Route Name/Route No.** - **21. Latitude** 3 9 . 6 1 9 5 4 0   **22. Longitude** 7 4 . 9 7 0 7 9 0

**23. Veh. #** 1   **24. Policy No.** [blank]
☐ Parked ☐ Ped ☐ Pedalcylist ☐ Resp. to Emergency ☒ Hit & Run   **25. NJ Ins. Code** *

**53. Veh. #** 2   **54. Policy No.** [blank]
☐ Parked ☐ Ped ☐ Pedalcylist ☐ Resp. to Emergency ☐ Hit & Run   **55. NJ Ins. Code** *

**26. Driver's First Name** Shokhrukhbek   **Initial** -   **Last Name** Sadikov   **29. Sex** M
**56. Driver's First Name** Cecelia   **Initial** A   **Last Name** Lupton   **59. Sex** F

**27. Number & Street** [blank]   **57. Number & Street** [blank]

**28. City** Philadelphia   **State** PA   **Zip** 19115
**58. City** Mullica Hill   **State** NJ   **Zip** 08062

**30. Eyes** 0 2   **DL Class** - D   **Restrictions** - - -   **Endorsements** - -   **31. State** PA
**60. Eyes** - -   **DL Class** - -   **Restrictions** - - -   **Endorsements** - -   **61. State** NJ

**32. Driver's License Number** [blank]   **33. DOB** mm dd yy   **34. Expires** mm yy
**62. Driver's License Number** [blank]   **63. DOB** mm dd yy   **64. Expires** mm yy

**35. Owner's First Name** ☐ Same as Driver Kholikov   **Initial** -   **Last Name** Khabibillo
**65. Owner's First Name** ☐ Same as Driver Gregory   **Initial** -   **Last Name** Lupton

**36. Number & Street** [blank]   **66. Number & Street** [blank]

**37. City** Philadelphia   **State** PA   **Zip** 19135
**67. City** Mullica Hill   **State** NJ   **Zip** 08062

**38. Make** TOYT   **39. Model** PRI   **40. Color** BL   **41. Year** 09   **42. Plate No.** [blank]   **43. State** PA
**68. Make** KIA   **69. Model** SOR   **70. Color** BK   **71. Year** 14   **72. Plate No.** [blank]   **73. State** NJ

**44. VIN** J T D K B 2 0 U 0 9 3 4 7 7 2 0 3   **45. Expires** 01 25
**74. VIN** 5 X Y K T 4 A 6 2 E G 5 1 8 6 0 7   **75. Expires** 01 26

**46. Vehicle Removed to:** A1 Towing
☐ Driven ☐ Towed Disabled ☒ Towed Disabled & Impounded
☐ Left at Scene ☐ Towed Impounded

**76. Vehicle Removed to:** A1 Towing
☐ Driven ☒ Towed Disabled ☐ Towed Disabled & Impounded
☐ Left at Scene ☐ Towed Impounded

**47. Authority** ☐ Owner ☐ Driver ☒ Police
**77. Authority** ☐ Owner ☐ Driver ☒ Police

**48. Alcohol Drug Test** Given: ☐ No ☒ Yes ☐ Refused   Type: ☐ Breath ☒ Blood ☐ Urine   Results: 0. - - % ☒ Pending
**49. Hazardous Material** ☐ None ☐ On Board ☐ Spill   Hazard Class - - -   Placard No. -

**78. Alcohol Drug Test** Given: ☒ No ☐ Yes ☐ Refused   Type: ☐ Breath ☐ Blood ☐ Urine   Results: 0. - - % ☐ Pending
**79. Hazardous Material** ☐ None ☐ On Board ☐ Spill   Hazard Class - - -   Placard No. -

**50. Carrier No.** ☐ USDOT - - - - - - ☐ None   ☐ MC/MX - - - - - -
**51. GVWR / GCWR (trucks & buses only)** ☐ ≤ 10,000 lbs. ☐ 10,001 - 26,000 lbs. ☐ ≥ 26,001 lbs.

**80. Carrier No.** ☐ USDOT - - - - - - ☐ None   ☐ MC/MX - - - - - -
**81. GVWR / GCWR (trucks & buses only)** ☐ ≤ 10,000 lbs. ☐ 10,001 - 26,000 lbs. ☐ ≥ 26,001 lbs.

**52. Motor Carrier or Government Entity** -   Number & Street -   City - State - Zip -
**82. Motor Carrier or Government Entity** -   Number & Street -   City - State - Zip -

**135. Damage to Other Property** ☒ Yes (If Yes, describe) ☐ No
Utility pole damaged.

| Oper. | 136. Charge | 137. Summons No. | Oper. | 138. Charge | 139. Summons No. |
|---|---|---|---|---|---|
| 1 | 39:4-50 | 0805E25000900 | 2 | - | - |

| Oper. | 140. Charge | 141. Summons No. | Oper. | 142. Charge | 143. Summons No. |
|---|---|---|---|---|---|
| 1 | 39:4-97 | 0805E25000901 | 2 | - | - |

| | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | Names & Addresses of Occupants If Deceased, Date & Time of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 01 | 01 | 02 | 39 | M | 04 | 07 | 01 | 04 | 00 | 01 | 5802 | Sadikov, Shokhrukhbek [redacted], Philadelphia, PA, 19115 |
| B | 2 | 03 | 01 | 02 | 74 | M | 12 | 07 | 02 | 04 | 04 | 04 | 5402 | Lupton, Gregory [redacted], Mullica Hill, NJ, 08062 |
| C | 2 | 01 | 01 | 02 | 65 | F | 01 | 04 | 02 | 04 | 04 | 04 | 5402 | Lupton, Cecelia A [redacted], Mullica Hill, NJ, 08062 |
| D | - | - | - | - | - | - | - | - | - | - | - | - | - | - |

POSTED

NJTR-1 (Rev. 01/17)

| | New Jersey Police Crash Investigation Report | Case Number 2025002922 | Page 2 of 3 |

**New Jersey Police**
**Crash Investigation Report**

| | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | Names & Addresses of Occupants If Deceased, Date & Time of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| E | – | – | – | – | – | – | – | – | – | – | – | – | – | - |
| F | – | – | – | – | – | – | – | – | – | – | – | – | – | . |
| G | – | – | – | – | – | – | – | – | – | – | – | – | – | - |
| H | – | – | – | – | – | – | – | – | – | – | – | – | – | - |
| I | – | – | – | – | – | – | – | – | – | – | – | – | – | - |
| J | – | – | – | – | – | – | – | – | – | – | – | – | – | - |

**144. Crash Diagram**

Show NORTH by Arrow (Not to Scale)



NOT TO SCALE

Final Resting Position

First POI

Coles Mill Rd

V2

Staunton Ave

Second POI

Tire tracks in snow

**145. Crash Description/Narrative**

The Crash Description begins on continuation page

| 146. Officer's Signature Kiszelewski, Tyler M | 147. Badge # 1411 | 148. Reviewer Murray, Joseph T | Badge # 1154 | 149. Case Status ☐ Pending ☒ Complete |

NJTR-1 (Rev. 01/17)

Page  **3**  of  **3**

| New Jersey Police Crash Investigation Report | Police Dept: **Franklin Township Police Department** Code: **01** |
|---|---|
| Motor Vehicle Crash Description | Station: **Patrol**    Case No: **2025002922** |

## 145. Crash Description

V1 was traveling south on Stanton Avenue. V1 proceeded through the intersection with Coles Mill Road and struck V2, who was travelling east Coles Mill Road, in the driver side. After the collision, V2 ran off the road to the right and struck a utility pole.

The driver of V1 complained of neck and back pain but refused treatment from EMS. The driver of V2 sustained significant injuries to her entire body. The passenger of V2 sustained a laceration to the head and complained of chest pain. The occupants of V2 were both transported to Cooper Hospital. V1 and V2 were both towed for disabling damage. V1 was impounded according to John's Law.

It should be noted the intersection of Stanton Ave and Coles Mill Rd is controlled by stop signs on Stanton Ave.

* Insurance for V1 NAIC#13587 First Chicago Insurance Policy ███████████.

The driver of V1 was issued the four following summonses
1. 0805E25000900 - 39:4-50
2. 0805E25000901 - 39:4-97
3. 0805E25000902 - 39:4-67
4. 0805E25000902 - 39:4-96

**Kiszelewski, Tyler M**
Officer's Signature

**1411**
Badge Number

NJTR-1A (Rev. 01/17)

# EXHIBIT "D"

| CODE | MUNICIPALITY | COUNTY |
|------|--------------|--------|
| 0701 | BELLEVILLE TWP | Essex County |
| 0702 | BLOOMFIELD TWP | Essex County |
| 0703 | CALDWELL BORO TWP | Essex County |
| 0704 | CEDAR GROVE TWP | Essex County |
| 0705 | EAST ORANGE CITY | Essex County |
| 0706 | ESSEX FELLS BORO | Essex County |
| 0707 | FAIRFIELD TWP | Essex County |
| 0708 | GLEN RIDGE BORO | Essex County |
| 0709 | IRVINGTON TWP | Essex County |
| 0710 | LIVINGSTON TWP | Essex County |
| 0711 | MAPLEWOOD TWP | Essex County |
| 0712 | MILLBURN TWP | Essex County |
| 0713 | MONTCLAIR TWP | Essex County |
| 0714 | NEWARK CITY | Essex County |
| 0715 | NORTH CALDWELL TWP | Essex County |
| 0716 | NUTLEY TWP | Essex County |
| 0717 | ORANGE CITY TWP | Essex County |
| 0718 | ROSELAND BORO | Essex County |
| 0719 | SOUTH ORANGE VILLAGE TW | Essex County |
| 0720 | VERONA TWP | Essex County |
| 0721 | WEST CALDWELL TWP | Essex County |
| 0722 | WEST ORANGE TWP | Essex County |
| 0801 | CLAYTON BORO | Gloucester County |
| 0802 | DEPTFORD TWP | Gloucester County |
| 0803 | EAST GREENWICH TWP | Gloucester County |
| 0804 | ELK TWP | Gloucester County |
| 0805 | FRANKLIN TWP | Gloucester County |
| 0806 | GLASSBORO BORO | Gloucester County |
| 0807 | GREENWICH TWP | Gloucester County |
| 0808 | HARRISON TWP | Gloucester County |
| 0809 | LOGAN TWP | Gloucester County |
| 0810 | MANTUA TWP | Gloucester County |
| 0811 | MONROE TWP | Gloucester County |
| 0812 | NATIONAL PARK BORO | Gloucester County |
| 0813 | NEWFIELD BORO | Gloucester County |
| 0814 | PAULSBORO BORO | Gloucester County |
| 0815 | PITMAN BORO | Gloucester County |
| 0816 | SO HARRISON TWP | Gloucester County |
| 0817 | SWEDESBORO BORO | Gloucester County |
| 0818 | WASHINGTON TWP | Gloucester County |
| 0819 | WENONAH BORO | Gloucester County |
| 0820 | WEST DEPTFORD TWP | Gloucester County |
| 0821 | WESTVILLE BORO | Gloucester County |
| 0822 | WOODBURY CITY | Gloucester County |
| 0823 | WOODBURY HEIGHTS BORO | Gloucester County |
| 0824 | WOOLWICH TWP | Gloucester County |
| 0901 | BAYONNE CITY | Hudson County |
| 0902 | EAST NEWARK BORO | Hudson County |
| 0903 | GUTTENBERG TOWN | Hudson County |
| 0904 | HARRISON TOWN | Hudson County |

# EXHIBIT "E"

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Cecelia A. Lupton and Gregory Lupton,

Plaintiff(s),

v.

Civil No.

Kholikov Khabibillo, Shokhrukhbek Sadikov, Amazon Logistics, Inc., John Doe (1-10) and/or ABC Corp. (1-10) (fictitious names for person and entities as yet unidentified)

Defendant(s).

## DISCLOSURE STATEMENT[1] PURSUANT TO FED. R. CIV. P. 7.1(a)(2)

Cecelia A. Lupton

[X] Individual[2]
[ ] Corporation[3]
[ ] Partnership[4]
[ ] Limited Liability Company[5]
[ ] Other

State(s) of Citizenship

New Jersey

Gregory Lupton

[X] Individual
[ ] Corporation
[ ] Partnership
[ ] Limited Liability Company
[ ] Other

State(s) of Citizenship

New Jersey

Kholikov Khabibillo

[X] Individual
[ ] Corporation
[ ] Partnership
[ ] Limited Liability Company
[ ] Other

State(s) of Citizenship

Pennsylvania

In cases where one or more parties are partnerships or LLCs, list all partners or members and their citizenship. This space should also be used where there are more than three parties. Additional sheets may be added as needed.

Shokhrukhbek Sadikov - Individual - Pennsylvania
Amazon Logistics, Inc. - Corporation - Delaware and Washington

Pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 11, I certify that the foregoing is true and correct.


_____/s/ Salvatore A. Clemente_____                         Date: March 24, 2025

Salvatore A. Clemente, Esq.


---

[1] This statement shall be filed by each party.

[2] 28 U.S.C. § 1332(a)(1); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[M]ere residency in a state is insufficient for purposes of diversity [of citizenship].")).  The natural person must be domiciled in the state and a citizen of that state.  *See Gilbert v. David*, 235 U.S. 561 (1915); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015).

[3] 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *S. Freedman & Co., v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "'[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business,'" and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business" (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982))). The parties are directed to list the state of incorporation and principal place of business of the corporation.

[4] A partnership, as an unincorporated entity, takes on the citizenship of each of its partners. *Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citation omitted). The parties are directed to list each partner and its citizenship.

[5] The citizenship of an LLC is determined by the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The parties are directed to list each member and its citizenship. If any member is itself a partnership, limited liability company, or other unincorporated association, its partners or members and their citizenship must be set forth separately.  *See Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.")

## **CERTIFICATE OF SERVICE**

I, Salvatore A. Clemente, Esquire, attorney for Defendant, Amazon Logistics, Inc., hereby certify that the foregoing Disclosure Statement was electronically filed via this Court's electronic filing system and served via e-mail on all counsel of record and United States First Class Mail Pre-Paid and Certified Mail Return Receipt Requested on unrepresented parties on March 25, 2025.

Philip Granite, Esquire
Morgan & Morgan Philadelphia, PLLC
30 Montgomery Street, Suite 410
Jersey City, NJ 07302
pgranite@forthepeople.com

Shokhrukhbek Sadikov
2100 Berwyn Street
Philadelphia, PA 19115

Kholikov Khabibillo
4115 Passmore Street
Philadelphia, PA 19135

Dated: March 24, 2025

*/s/ Salvatore A. Clemente*
Salvatore A. Clemente, Esquire

# EXHIBIT "F"

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**
By:   Salvatore A. Clemente, Esquire
      Lauren B. Orner, Esquire
      Attorney ID: 007141998/014112009
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
Email: Salvatore.Clemente@wilsonelser.com
       Lauren.Orner@wilsonelser.com

---

|  |  |
|---|---|
| CECECIA A. LUPTON and GREGORY LUPTON, | : SUPERIOR COURT OF NEW JERSEY <br> : LAW DIVISION: SOMERSET COUNTY <br> : DOCKET NO.: SOM-L-255-25 <br> : |
| Plaintiffs, | : |
| v. | : |
|  | : |
| KHOLIKOV KHABIBILLO, SHOKHRUKHBEK SADIKOV, AMAZON LOGISTICS, INC., JOHN DOE (1-10) and/or ABC CORP. (1-10), (fictitious names for person and entities as yet unidentified), | : **NOTICE OF REMOVAL TO FEDERAL** <br> **COURT** <br> : <br> : <br> : |
| Defendants. | : <br> : |

---

**TO:**   Philip Granite, Esq.                 Shokhrukhbek Sadikov
       Morgan & Morgan Philadelphia, PLLC        2100 Berwyn Street
       30 Montgomery Street, Suite 410           Philadelphia, PA 19115
       Jersey City, New Jersey 07302             Unrepresented Defendant
       Attorneys for Plaintiffs

       Kholikov Khabibillo
       4115 Passmore Street
       Philadelphia, PA 19135
       Unrepresented Defendant

**PLEASE TAKE NOTICE** that in the above-entitled matter, Defendant Amazon

Logistics, Inc., by and through its undersigned attorneys, Wilson, Elser, Moskowitz, Edelman &

Dicker, LLP, on March 24, 2025, filed a Notice of Removal of a Civil Action from the Superior

Court of New Jersey, Law Division, Somerset County, to the United States District Court for the

District of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446(a), copies of which are attached hereto, and made part hereof. This matter is now pending in the United States District Court for the District of New Jersey under Case No. _____.

      **PLEASE TAKE FURTHER NOTICE**, that Defendant Amazon Logistics, Inc. hereby files this Notice and Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Somerset County in accordance with 28 U.S.C. § 1446.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Salvatore A. Clemente*
Salvatore A. Clemente, Esquire
Lauren B. Orner, Esquire
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
Phone: 215.627.6900
Facsimile: 215.627.2665
Salvatore.Clemente@wilsonelser.com
Lauren.Orner@wilsonelser.com
*Attorneys for Defendant,*
*Amazon Logistics, Inc.*

Date:   March 24, 2025

## **CERTIFICATE OF SERVICE**

I, Salvatore A. Clemente, Esquire, attorney for Defendant, Amazon Logistics, Inc., hereby certify that the foregoing Disclosure Statement was electronically filed via this Court's electronic filing system and served via e-mail on all counsel of record and United States First Class Mail Pre-Paid and Certified Mail Return Receipt Requested on unrepresented parties on March 25, 2025.

Philip Granite, Esquire
Morgan & Morgan Philadelphia, PLLC
30 Montgomery Street, Suite 410
Jersey City, NJ 07302
pgranite@forthepeople.com

Shokhrukhbek Sadikov
2100 Berwyn Street
Philadelphia, PA 19115

Kholikov Khabibillo
4115 Passmore Street
Philadelphia, PA 19135

Dated: March 24, 2025

*/s/ Salvatore A. Clemente*
Salvatore A. Clemente, Esquire